**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

       **v.**            **Civil No. 04-5291**
                    **Criminal No. 02-50051-002**

**MARIO FLAMENCO**                                                 **DEFENDANT**

**O R D E R**

Now on this 17th day of April, 2006, comes on for consideration defendant's **Motion To Remove Retained Counsel, And Motion To Proceed Pro-Se Under 28 U.S.C. 2255** (document #107), and from said motion, and the response thereto, the Court finds and orders as follows:

1. In this motion, defendant claims that Joel Huggins, the retained attorney who filed his petition pursuant to **28 U.S.C. §2255**, should removed, and that the petition should be "remanded," with leave to amend it to add a claim for ineffective assistance of counsel. He claims that it would be both a miscarriage of justice and a conflict of interest to allow Huggins, after filing an **Anders** brief on appeal, to represent him on his **§2255** petition.

2. Huggins responded to the Motion by a letter to defendant which was made a part of the official file in this matter. Huggins did not represent defendant at trial, but was retained for purposes of appeal. He pointed out that after ordering and receiving the trial transcript, and combing it for reversible error, he concluded that there was none, but that "trial counsel

had not made the kind of record I would have liked for purposes of appeal." He also determined that the only potential avenue for relief for defendant was a motion for ineffective assistance of counsel pursuant to **§2255,** and stated that he believed an **Anders** brief would be consistent with such an argument.

3. The Court makes two observations relevant to defendant's motion:

First, Huggins represented defendant only in post-conviction proceedings. There is no constitutional right to assistance of counsel in such proceedings, and thus no constitutional right to effective assistance of counsel in such proceedings. **Abdullah v. Hedrick, 392 F.3d 957 (8th Cir. 2004).** There would, thus, be no legal underpinnings for a **§2255** claim predicated on any alleged shortcomings in Huggins' representation of defendant.

Second, there is no indication that Huggins fell short in any respect in his representation of defendant. Indeed, the record bears strong evidence to the contrary. The filing of an **Anders** brief is the appropriate course of conduct for an attorney who, upon diligently searching the trial record for error, finds no non-frivolous basis for appeal. **Anders v. State of California, 386 U.S. 738 (1967).** This procedure was followed in defendant's case, **U.S. v. Flamenco, 87 Fed.Appx.8 (8th Cir. 2004),** thus ensuring that defendant's claims had full review both by Huggins and by the Eighth Circuit Court of Appeals. The Eighth Circuit

agreed with Huggins that there were no non-frivolous issues for appeal.

Upon conclusion of the appeal, Huggins did a thorough and professional job of presenting the arguments relevant to defendant's **§2255** petition, uncovering in the trial record and asserting eight separate reasons why defendant's trial counsel might be thought ineffective. The fact that he did not prevail on those arguments is not in any way a reflection of ineffective assistance or conflict. Some arguments simply are not winners, no matter how well they are made.

4. For the foregoing reasons, the Court concludes that no purpose would be served by allowing defendant to amend his pleadings. The Court does agree, however, that Huggins should be relieved of any further duty to represent defendant, and will so order.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Remove Retained Counsel, And Motion To Proceed Pro-Se Under 28 U.S.C. 2255** (document #107) is **granted in part and denied in part**.

The motion is **granted** insofar as it asks that attorney Joel Huggins be relieved of any further responsibility for representing defendant, and **denied** in all other respects.

**IT IS SO ORDERED.**

                                                **/s/Jimm Larry Hendren**
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**